ATLAS SHOE COMPANY *vs.* LOUIS W. ROSENTHAL.

Suffolk.     February 14, 1922. — June 27, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Contract,* Enforceability.     *Frauds, Statute of.     Sales Act.*

A contract for the sale for future delivery of merchandise to be manufactured especially for the buyer and not suitable for sale to others in the ordinary course of the seller's business is not within the exception set forth in G. L. c. 106, § 6 (2), if the seller is not the manufacturer of the goods.

CONTRACT for $1,095.60 upon an account annexed for shoes alleged to have been sold by the plaintiff to the defendant. Writ dated July 14, 1920.

The answer contained a general denial and an allegation that the action was barred by the statute of frauds, G. L. c. 106, § 6.

In the Superior Court the action was tried before *Fox,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. The jury returned a verdict for the plaintiff in the sum of $1,120.98; and the defendant alleged exceptions.

*E. S. Abbott,* for the defendant.

*J. J. Cummings,* for the plaintiff.

RUGG, C.J. This is an action of contract to recover the price of shoes alleged to have been sold by the plaintiff to the defendant. The plaintiff was not a manufacturer of shoes. It took an order from the defendant for particular styles of shoes, which were to be made especially on the order of the plaintiff by a manufacturer, and were not suitable for sale to others in the ordinary course of the plaintiff's business.

The defence is that part of the statute of frauds contained in St. 1908, c. 237, § 4 (see now G. L. c. 106, § 6). Confessedly that statute is a complete defence unless the facts bring the case within the exception in (2) of said section of the statute, to the effect that "if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary

course of the seller's business, the provisions of this section shall not apply."

Manifestly, if this clause is to be construed according to its words, it does not apply to the transaction here in question, because the goods were not to be "manufactured by the seller" but were to be procured by the seller to be made by a manufacturer. It is elementary in the interpretation of statutes that every word, clause and sentence shall be given some force and effect and shall be treated as not superfluous unless absolutely necessary in order to give a rational meaning to the act. *Commonwealth* v. *McCaughey,* 9 Gray, 296, 297. Reading the pertinent words of the statute in their ordinary sense, it confines the exception to those instances where the seller is himself the manufacturer and excludes from its scope all cases where the seller procures the goods to be manufactured by another. This conforms to the law of this Commonwealth under the statute of frauds before the enactment of the sales act. *Smalley* v. *Hamblin,* 170 Mass. 380. See *Goddard* v. *Binney,* 115 Mass. 450.

It has been commonly understood that the sales act was intended to be drafted in these respects in conformity to the Massachusetts rules of law. There is every reason for interpreting the statute according to its natural sense and the pre-existing law.

So far as we are aware, decisions in other jurisdictions under the sales act are in harmony with this view. *Eagle Paper Box Co.* v. *Gatti-McQuade Co.* 164 N. Y. Supp. 201, 205. *Schneider* v. *Lezinsky,* 162 N. Y. Supp. 769.

The request of the defendant for a directed verdict in his favor ought to have been granted. The case appears to have been fully tried. The exceptions must be sustained and, as the defence of the statute of frauds is decisive, judgment may be entered for the defendant in accordance with G. L. c. 231, § 122.

*So ordered.*