RICHARD E. POPE & another *vs.* FRANK H. BROOKS & another.

Suffolk.   March 26, 1924. — May 28, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Practice, Civil,* Variance. *Sale. Contract,* Performance and breach. *Frauds, Statute of.*

At the trial of an action for breach of an express agreement by the defendant to purchase certain rugs from the plaintiff, the evidence tended to show that the contract declared on afterwards was modified. There was no amendment to the declaration. The defendant asked for a ruling, in substance, that the plaintiff could recover, if at all, only on the original contract, and that the contract as modified could not be the basis for recovery in the action because the declaration did not refer to such modified agreement. *Held,* that the request should have been granted.

A second count in the declaration in the action above described was upon an account annexed for rugs, "goods sold and delivered to and for the account of the defendants." At the trial, it appeared that the defendant refused to accept delivery of the goods described in the account annexed. The defendant asked for a ruling, in substance, that the plaintiff could not recover for rugs sold and delivered. The request was refused subject to an exception by the defendant. There was a general verdict for the plaintiff. *Held,* that the exception must be sustained.

CONTRACT by Richard E. Pope and Franklin H. Palmer, doing business as Chinese and American Export & Import Co., against Frank H. Brooks and William T. Gill, copartners doing business as Brooks, Gill & Co., with a declaration in two counts. The first count is described in the opinion.

The second count was upon an account annexed for the purchase price of rugs, "goods sold and delivered to and for the account of the defendants." Writ dated April 11, 1921.

In the Superior Court, the action was tried before *Macleod, J.* It appeared that the first shipment described in the opinion included a number of the rugs described in the first order and a number of those described in the second order of the defendants to the plaintiffs, and that the second shipment included the balance of both orders. Other material evidence is described in the opinion.

The defendants moved that a verdict be ordered in their favor. The motion was denied. The defendants then asked for the following rulings:

"1. The plaintiffs have not declared on a modified contract and can recover, if at all, only on the original contracts.

"2. On the admissions of the plaintiffs, they cannot recover on the original contracts, because the goods were not delivered within the time specified in said contracts.

"3. Because of the provisions of the statute of frauds, the plaintiffs cannot recover on the original contracts.

"4. An agreement made the early part of November to take the rugs at a different price than that named in the original order cannot be the basis for recovery by the plaintiffs in this action, because the declaration does not refer to such agreement.

"5. The agreement to take the balance of the rugs which the plaintiffs claim had been ordered in the spring, at a price other than that originally agreed upon, was made, if at all, when the defendants were not legally bound to take any rugs.

"6. The defendants' letter of November 18, 1920, is not sufficient as a matter of law to excuse a tender of performance by the plaintiff.

"7. No offer to deliver rugs by the plaintiff prior to the time when the goods were released by the custom house officials would be a legal tender of performance on the part of the plaintiffs.

"8. Until the goods were released by the custom house, so that the plaintiffs were entitled to take them away at any time they saw fit, without any further payment to the

government, the plaintiffs were not in a position to make a valid offer to perform their contract which would put the defendants in default.

" 9. The plaintiffs were not in a position to make a tender of performance, until after the goods had been examined by the custom officials which, on the testimony produced by the plaintiff, was on January 26, 1921.

" 10. There is no evidence that the plaintiffs made a tender of performance or a demand upon the defendants to perform their part of the contract at any time after the plaintiffs were in a position so that they could take the goods out of the government warehouse.

" 11. There is no evidence that the plaintiffs ever appropriated any rugs to the defendants' contract, other than those actually delivered, so as to pass title, and therefore, the plaintiffs cannot recover for goods sold and delivered.

" 12. The plaintiffs cannot recover under the second count of their declaration for goods sold and delivered.

" 13. There is no evidence on which the jury could find that any rugs, other than those actually received by the defendants were ever ' sold and delivered ' to the defendants.

" 14. The plaintiffs could not apply any rugs to the defendants' contract and thereby pass a title, without the express or implied assent of the defendants for the plaintiffs to appropriate or apply the goods to the contract.

" 15. The defendants' letter of November 18, 1920, is sufficient to withdraw any assent by the defendants which might previously have existed for the plaintiffs to apply rugs to the defendants' contract and thereby pass title.

" 16. After the said letter of November 18 the plaintiffs could not pass title to any rugs to the defendants.

" 17. On the evidence introduced by the plaintiffs, the jury must find that the plaintiffs were not in a position to perform their part of the contract as to any rugs not received by the defendants until the rugs had been examined by the government officials on January 26, 1921.

" 18. The defendants could not be in default or guilty of any breach of contract until said January 26.

" 19. The delivery of the letter or letters of December 22,

1920, to the defendants was not a legal tender of performance on the part of the plaintiffs so as to put the defendants in default, because the goods had not then been examined by the United States officials and could not be delivered. Under the terms claimed by the plaintiffs, as to the time of payment, the plaintiffs could not require payment of the defendants, until they were in a position to deliver the rugs.

" 20. The delivery of the letter or letters of December 22, 1920, to the defendants was not a legal tender of performance on the part of the plaintiffs so as to put the defendants in default, because the goods had not then been examined by the United States officials and could not be delivered. Under the terms claimed by the plaintiffs, as to the time of payment, the plaintiffs could not require payment of the defendants, until the rugs were released from the custom house, so that they could be delivered.

" 21. When the alleged tender was made to the defendants, the plaintiffs could not deliver the rugs.

" 22. There is no evidence of any consideration for any waiver of the time of delivery as set forth in the original contract.

" 23. A waiver of the time, in order to be binding on the defendants, would require a legal consideration."

The judge refused the requests and instructed the jury that the defendants' letter of November 18 was a refusal to accept the rugs and relieved the plaintiffs from the duty of delivering or making any tender or offer to deliver the rugs when they were in a position to deliver them; that it was immaterial when the plaintiffs were in a position to make delivery, and that the fact that the rugs were not in Boston until December 22 was of no consequence; that if they found that the defendants received part of the goods originally ordered, then that receipt (which was in November) would take the case out of the statute of frauds, and that the statute of frauds would not prevent the plaintiffs from recovering on the original contract.

The jury found for the plaintiffs in the sum of $1,133.93, and the judge reported the action to this court for determination.

*O. Storer,* for the defendants.

*J. C. Johnston,* (*G. E. Richardson* with him,) for the plaintiffs.

BRALEY, J. The first count of the declaration alleges, that the parties entered into two contracts dated, respectively, February 12, 1920, and March 1, 1920, whereby the plaintiffs agreed to procure, and the defendants, who were wholesale dealers and importers, agreed to take and pay for a quantity of ninety line and sixty line rugs of various sizes and designs as shown by samples, which were to be made in China for the plaintiffs, who were to pay all import duties. Delivery under the contract for the ninety line rugs was to be six months from February 12, 1920. While it was conceded that by a subsequent agreement the price and time for delivery of these rugs were changed, the evidence, whether there was any modification of the alleged second contract, is irreconcilable. The defendants, who contended throughout the trial that all the rugs were covered by one order, wrote the plaintiffs on November 18, 1920, after acceptance of the first shipment as hereafter stated, " We find that we do not need, even under the present terms, any more of the rugs which were covered by the original order, which owing to changed conditions you were unfortunately obliged to abandon with our consent, and therefore you will kindly not make us any further shipments." The plaintiffs, however, did not consent to a cancellation, and on or about November 20, 1920, notified the defendants, that the second shipment, which comprised the balance of the rugs specified in the first order, and the balance of rugs of the second order, had arrived in New York. And there was evidence tending to show that the plaintiffs offered the rugs covered by the second shipment to the defendants with a request for payment on the modified terms.

The plaintiffs not having declared on the contract as modified, the defendants moved for a directed verdict. But the jury on conflicting evidence could find that the order for the sixty line rugs was a separate or additional order, given orally by the defendant Brooks, and was thus specified in the plaintiffs' confirmation in writing sent to the de-

fendants on March 1, 1920. The proof therefore as to this contract could be found to conform to the statement in the declaration, that in the beginning there were two contracts which the parties mutually agreed to perform.

If so considered, the amount of each contract, which was not in writing signed by the defendants, was in excess of $500, and the statute of frauds is pleaded. G. L. c. 106, § 6. See *Adams* v. *Cohen*, 242 Mass. 17, 19, following *Goddard* v. *Binney*, 115 Mass. 450, 454. The plaintiffs were not the manufacturers. *Atlas Shoe Co.* v. *Rosenthal*, 242 Mass. 15.

It is unnecessary to discuss the doctrine of substituted performance by the acceptance of a part of the rugs under the modified terms of the first contract, which the plaintiff claimed at the trial took the case out of the statute. *Cummings* v. *Arnold*, 3 Met. 486.

The first shipment, as the jury could find, arrived in Boston in bond on September 23, 1920, but could not be removed until appraised and examined by the custom officials October 9. The time for delivery under the first contract having elapsed, the parties entered into negotiations between October 13 and November 5, for a rearrangement of terms. The evidence as to the result of the conference was in conflict, but on the testimony of the plaintiffs the jury could find that the defendants agreed to take the first shipment of eleven hundred and twenty feet at a less price for each foot than the price named in the contract for the ninety line rugs, delivery to be made at the store and payment to be fifty per centum in cash and the balance within sixty days. The plaintiffs testified, that this concession was made not only to induce the defendants to make payment without further delay, but on the further condition, which was accepted, that the defendants would accept and pay for the second shipment on arrival, at the modified price, without further delay.

While the first shipment was delivered and paid for, the defendants declined to accept the second shipment as shown by their letter previously quoted. The first count is for breach of contract for alleged failure to take and pay for the rugs. The absolute statement by the defendants, that

they did not intend to perform, which refusal they reaffirmed when notified of the remaining shipment, having gone to the essence of their promise, the jury could say was a repudiation, when considered in connection with their testimony that there was only one contract covering all the rugs. And, the plaintiffs having been able and willing to perform, could recover damages, the measure of which under the second contract, if that contract was found not to have been modified, was the difference between the contract price and the market price at the date of breach. *Barrie* v. *Quinby*, 206 Mass. 259, 268.

The jury, as the first count stood, were to determine under appropriate instructions whether the defendants had committed a breach of the second contract as declared on, which having contained no limitation as to time of delivery, the plaintiffs were bound to deliver only within a reasonable time, to be ascertained in view of the circumstances known to the parties relating to the place of manufacture, and facilities of transportation.

But the defendants' first request, that, not having declared on the modified contract, the plaintiffs " can recover, if at all, only on the original contracts," and the fourth request, that " An agreement made the early part of November to take the rugs at a different price than that named in the original order cannot be the basis for recovery by the plaintiffs in this action, because the declaration does not refer to such agreement," should have been given. *King* v. *Faist*, 161 Mass. 449, 455, 457.

The refusal of the various requests that the plaintiffs could not recover for rugs sold and delivered also was wrong. The contracts were to sell rugs to be manufactured, the title to which would not pass until the rugs were delivered and received, and the plaintiffs could not recover the contract price on the second count on an account annexed for goods sold and delivered. *Automatic Time Table Advertising Co.* v. *Automatic Time Table Co.* 208 Mass. 252.

It is plain, without further discussion of other rulings requested by the defendants and refused, that, because of the errors sufficiently pointed out, there was a mistrial, and the

general verdict for the plaintiffs was erroneous. By the terms of the report, which has not been substantially modified by the supplemental statement of the presiding judge, " by agreement of the parties . . . if the rulings and refusal to rule on the motion for verdict and on the request for rulings were correct, judgment is to be entered for the plaintiffs on the verdict; otherwise judgment is to be entered for the defendants." It follows that the entry must be,

*Judgment for the defendants.*