M. K. SMITH CORPORATION *vs.* E. W. ELLIS.

Worcester.    September 27, 1926. — October 18, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Contract,* Performance and breach.    *Frauds, Statute of.*

An agreement to make a tank of stated dimensions and material and according to plans made by the builder, it being understood that it is to be used for the storing and holding of cider, is not subject to the provision of the statute of frauds contained in the sales act, G. L. c. 106, § 6, being excluded therefrom by cl. 2 of § 6.

A tank built under the provisions of the agreement above described leaked. The builder tightened it on several occasions, but, while it stopped leaking temporarily, it began leaking again. The customer told the builder that, if he would repair the tank within a certain time so that it would not leak, he would pay for it. Before such repairs were made or the time for making them had expired, the tank, without fault of the customer, was destroyed by fire. In an action by the builder against the customer for the price which was to have been paid for the tank, it was *held,* that

(1) There was an implied term of the contract that the tank should not leak;

(2) The builder never completed his contract;

(3) The tank never became the property of the defendant and, when destroyed by fire, it remained the property of the plaintiff;

(4) The fact, that the cost of stopping the tank from leaking would be comparatively small, was immaterial.

CONTRACT, with a declaration as amended in two counts. In the first count the plaintiff alleged that it "constructed for the plaintiff and at his request a cider tank at a total cost of $750; that the defendant has wrongfully refused to pay for the said tank, wherefore he is indebted to the plaintiff in the said sum." The second count was for $7.50 for eighty pine lags furnished the defendant by the plaintiff. Writ in the Central District Court of Worcester dated January 15, 1924.

In the Superior Court, the action was heard by an auditor under an agreement that his findings of fact should be final. Material facts found by him are stated in the opinion. The action was heard upon the auditor's report by *McLaughlin,* J., without a jury, who found for the defendant on the first count and for the plaintiff in the sum of $7.50 and interest on the second count. The plaintiff appealed.

The case was submitted on briefs.

*G. R. Stobbs, H. H. Hartwell, & L. E. Stockwell,* for the plaintiff.

*J. H. Reid,* for the defendant.

CROSBY, J. Under the first count of the plaintiff's amended declaration, it seeks to recover the sum of $750, the cost of the construction of a cider tank for the defendant, at his request. The answer of the defendant admits that he made a verbal agreement with the plaintiff to build a tank in which to store cider, but that the tank as constructed was not suitable for that purpose, and never was accepted by the defendant. The case was referred to an auditor whose findings of fact were to be final. The judge of the Superior Court, after hearing upon the auditor's report, found for the defendant on the first count and for the plaintiff on the second count.

The auditor made the following and other findings: that the defendant gave the plaintiff an order for the construction

of the tank in the summer of 1922; that the dimensions and material were stated; that it was to be built according to plans made by the plaintiff, it being understood that it was to be used for the storing and holding of cider; that if properly constructed it would be suitable for storing and holding cider; that the defendant in ordering the tank relied on the skill and judgment of the plaintiff to construct it properly; that after it was finished it was found to leak and the plaintiff's men tightened it on several occasions; that after it had been so tightened, it apparently stopped leaking but began to leak again after the men had left it; that it could be made to leak by any one meddling with it by a slight loosening of the joints; that the cost of preventing the leaking would be comparatively small; that the defendant waived any defect in the construction of the tank with the exception of the leak; that after it had been constructed, the defendant told the plaintiff's treasurer that if he would repair it by the following September so that it would not leak, he (the defendant) would pay for it; that without fault of the defendant from some unknown cause it was destroyed by fire on or about July 1, 1923, before it had been used by the defendant and the leak stopped by the plaintiff; that the defendant never formally accepted the tank, nor did he offer to return it to the plaintiff.

The agreement was for the building of a specific article in accordance with the terms of the agreement. It was not a sale of the article to be built, and was not within the terms of the provision of the statute of frauds in the sales act (G. L. c. 106, § 6) which is declaratory of the Massachusetts rule as stated in the leading case of *Goddard* v. *Binney*, 115 Mass. 450, 454. The contract to build the tank was a contract for labor and materials. *New England Cabinet Works* v. *Morris*, 226 Mass. 246, 251. It was not within the statute of frauds, G. L. c. 106, § 6, but was within the terms of the last part of clause 2 of that section, which provides, that "if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business, this section shall not apply." *Adams* v. *Cohen*, 242 Mass. 17, 19.  See

also *Automatic Time Table Advertising Co.* v. *Automatic Time Table Co.* 208 Mass. 252, 256. *Atlas Shoe Co.* v. *Rosenthal,* 242 Mass. 15. *Pope* v. *Brooks,* 249 Mass. 381, 386. Williston on Sales, § 55.

The finding for the defendant on the first count was amply warranted in view of the conclusive findings of the auditor. It was understood by the parties that the tank was to be used for storing and holding cider; it was of no value to the defendant if it leaked and was unsuitable for the purpose for which it was intended. The contract implied that it should not leak. The plaintiff on several occasions undertook, without success, to make it tight. The finding of the auditor that it could be made to leak by the loosening of the joints by an intermeddler is immaterial, as there is no finding that the joints had been so loosened. The plaintiff never completed its contract and the defendant is not liable for the labor and materials furnished. The finding that the cost of stopping the tank from leaking would be comparatively small is immaterial. The defendant was not required to accept and pay for it because of this finding. It never became the property of the defendant and when destroyed by fire it remained the property of the plaintiff. Accordingly, the defendant cannot be charged with liability.

*Order for judgment affirmed.*