**HOLLAND FURNACE CO. et al. v. DEPARTMENT OF TREASURY OF STATE OF INDIANA et al.**

Nos. 8136–8138.

Circuit Court of Appeals, Seventh Circuit.

Jan. 30, 1943.

Rehearing Denied Feb. 17, 1943.

Earl B. Barnes, Alan W. Boyd, and Charles M. Wells, all of Indianapolis, Ind., and Benj. F. J. Odell, of Chicago, Ill., for appellants.

Geo. N. Beamer, Atty. Gen., and David I. Day, Jr., and Byron B. Emswiller, Deputy Attys. Gen., all of Indianapolis, Ind., for appellees.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

These suits were separately brought to recover taxes collected from the plaintiffs by the Department of Treasury of the State of Indiana under the Indiana Gross Income Tax Act of 1933 and that Act as

amended.[1]  The cases were referred to a Master in Chancery, who made findings of fact based upon a stipulation of facts, and stated his conclusions of law thereon.  The District Court adopted the Master's findings of fact, confirmed his conclusions of law, and rendered judgments for costs against the plaintiffs, from which the plaintiffs separately appealed.  Here, the appeals were consolidated for hearing and disposition.

Holland Furnace Company, a Michigan corporation, manufactures at Holland, Michigan, furnaces and heating appliances. It is qualified to do business in Indiana where it maintains sales offices at various cities, and its employees, as agents, solicit written contracts.  Each contract provides that Holland furnish and install at the customer's premises a particular heating system for a stipulated amount, payable at Holland's office in Michigan, Holland retaining the title until the contract is paid in full.  A specified portion of the price was in payment of the cost of installation, registers, regulators, and fittings.  Neither the furnaces nor equipment were custom made, and could be erected and put in place by any experienced person, but the installations were all made by workmen trained in Holland's factory.

Interstate Roofing and Supply Company is an Illinois corporation with its principal place of business at Chicago, Illinois, and is qualified to do business in Indiana.  It has no place of business within that State, but sends its salesmen from Illinois into Indiana, who solicit contracts with owners of buildings in Indiana requiring asphalt or composition shingles to be applied to roofs and sides of houses.  Interstate buys the shingles from jobbers outside of Indiana, and transports them to its customers in Indiana.  After the contract is approved and accepted by Interstate at Chicago, Illinois, Interstate sends its employees from Illinois to the structure covered by the contract in Indiana and they apply the shingles. The purchase price is paid in Illinois.  The material can be applied by any experienced person in that line of work, but the applications are made by Interstate's trained employees.

Great Lakes Dredge & Dock Company and Fitz Simons & Connell Dredge & Dock Company are New Jersey and Illinois corporations, respectively, with their principal offices and places of business at Chicago, Illinois, and qualified to do business in Indiana.  Great Lakes and Fitz Simons' receipts consisted of amounts set forth in written contracts calling for the construction in Lake Michigan, within the territorial limits of Indiana, of breakwaters, lighthouses, mooring piles and other work, and the furnishing of the materials in connection therewith.  All of these plaintiffs' engineers, superintendents, and supervisors had headquarters in Chicago, Illinois.  Some of the personnel at the construction situs slept on vessels and others were taken by the plaintiffs or traveled at the plaintiffs'

---

[1] "There is hereby imposed a tax, measured by the amount or volume of gross income, and in the amount to be determined by the application of rates on such gross income as hereinafter provided. Such tax shall be levied upon the entire gross income of all residents of the state of Indiana, and upon the gross income derived from sources within the state of Indiana, of all persons and/or companies, including banks, who are not residents of the state of Indiana, but are engaged in business in this state, or who derive gross income from sources within this state, and shall be in addition to all other taxes now or hereafter imposed with respect to particular occupations and/or activities.  Said tax shall apply to, and shall be levied and collected upon, all gross incomes received on or after the first day of May, 1933, with such exceptions and limitations as may be hereinafter provided."  11 Burns Ind.Stat.Ann. 1933, § 64-2602.

"There is hereby imposed a tax upon the receipt of gross income, measured by the amount or volume of gross imcome, and in the amount to be determined by the application of rates on such gross income as hereinafter provided.  Such tax shall be levied upon the receipt of the entire gross income of all persons resident and/or domiciled in the state of Indiana, except as herein otherwise provided; and upon the receipt of gross income derived from activities or businesses or any other source within the state of Indiana, of all persons who are not residents of the state of Indiana, and shall be in addition to all other taxes now or hereafter imposed with respect to particular privileges, occupations, and/or activities.  Said tax shall apply to, and shall be levied and collected upon, the receipt of all gross income received on or after the 1st day of May, 1933, with such exceptions and limitations as may be hereinafter provided."  § 2 c. 117, Acts of General Assembly of 1937, 11 Burns Ind.Stat.Ann.1933, Pocket Supp. § 64-2602.

expense to and from Chicago daily. All of the payments in the amounts specified in the contracts were made at their Chicago offices, and the materials which the plaintiffs purchased outside of Indiana were transported to the sites in Indiana.

As to Holland and Fitz Simons, the gross receipts were received during 1935 to 1939, inclusive, and as to Interstate and Great Lakes, during 1933 to 1939, inclusive.

The appellants insist that their only activities were the solicitation of orders and installation of equipment in aid of interstate commerce; that the work, labor and materials furnished and used by them were purchased elsewhere and transported to Indiana; and that the acceptance of orders, as well as the manufacture or purchase of the equipment and the managerial and administrative phases of the businesses, occurred outside of Indiana. Appellants Great Lakes and Fitz Simons admit that "the activities at the construction sites were, * * * intrastate in character"—that is, no portion of the activities taxed occurred outside the jurisdiction of the State of Indiana. On these premises it is contended that the receipts were not subject to the Act. Gwin, White & Prince v. Henneford, 305 U. S. 434, 59 S.Ct. 325, 83 L.Ed. 272; Western Live Stock v. Bureau, 303 U.S. 250, 58 S.Ct. 546, 82 L.Ed. 823, 115 A. L.R. 944; James v. Dravo, etc., 302 U. S. 134, 58 S.Ct. 208, 82 L.Ed. 155, 114 A.L.R. 318; and Dravo Contracting Co. v. James, 4 Cir., 114 F.2d 242, are cited in support of the contentions. We believe that the Henneford and the Western Live Stock cases are inapplicable because the tax there involved discriminated against interstate commerce, and that the Dravo cases are of no aid to the appellants.

The Holland and Interstate contracts were contracts to perform work and furnish labor and materials at specified places in Indiana; such contracts are local in character; Smith Corp. v. Ellis, 257 Mass. 269, 153 N.E. 548, 549; and Walstrom v. Oliver, etc., 161 Ala. 608, 50 So. 46, 48; and we have no hesitancy in saying that the State of Indiana has the right to apply its gross income tax to business actually transacted within its borders, notwithstanding that interstate commerce, as an incident, may have intervened at some point in the transaction. It is the effect of the tax upon commerce which interests the courts. To be sure,

when the possible effect of a state tax is to place interstate commerce at a disadvantage and cumulative burdens are imposed, competitively, with purely local trade, the fact that the tax is conditioned on a local event will not save it, but where interstate commerce is not subjected to a double tax burden to which intrastate commerce is not exposed, the tax is not invalid, Adams Mfg. Co. v. Storen, 304 U.S. 307, 311, 58 S.Ct. 913, 82 L.Ed. 1365, 117 A.L.R. 429; Western Live Stock v. Bureau, 303 U.S. 250, 255, 256, 58 S.Ct. 546, 82 L.Ed. 823, 115 A.L.R. 944; Coverdale v. Arkansas, etc., 303 U.S. 604, 613, 58 S. Ct. 736, 82 L.Ed. 1043; Gwin, White & Prince v. Henneford, 305 U.S. 434, 439, 59 S.Ct. 325, 83 L.Ed. 272; McGoldrick v. Berwind-White, etc., 309 U.S. 33, 60 S.Ct. 388, 84 L.Ed. 565, 128 A.L.R. 876; McGoldrick v. Felt & Tarrant ·Mfg. Co., 309 U.S. 70, 60 S.Ct. 404, 84 L.Ed. 584; and Stone v. York Ice, etc., Miss., 10 So. 2d 380.

In the Henneford case, supra, 305 U.S. 438, 59 S.Ct. 327, 83 L.Ed. 272, the court said, "even interstate business must pay its way" by bearing its share of local tax burdens, and "not every local tax laid upon gross receipts derived from participation in interstate commerce is forbidden."

In the Berwind-White case, supra, 309 U.S. 46, 60 S.Ct. 392, 84 L.Ed. 565, 128 A.L.R. 876, the court said, "it was not the purpose of the commerce clause to relieve those engaged in interstate commerce of their jùst share of state tax burdens, merely because an incidental or consequential effect of the tax is an increase in the cost of doing the business, * * *. Not all state taxation is to be condemned because, in some manner, it has an effect upon commerce between the states, and there are many forms of tax whose burdens, when distributed through the play of economic forces, affect interstate commerce, which nevertheless falls short of the regulation of the commerce which the Constitution leaves to Congress," and held (309 U.S. p. 58, 60 S.Ct. p. 398, 84 L.Ed. 565, 128 A.L.R. 876) that a tax conditioned upon a local activity [business] which is separate and distinct from the transportation in interstate commerce, is an activity subject to the state taxing power.

In the Dravo case, 114 F.2d 242–246, the court said: "The state unquestionably may tax the income of a contractor arising

upon construction within the state \* \* \* at the site of \* \* \* construction; and the fact that the materials may have been fabricated in other states, either by the contractor or by others, cannot affect the state's power."

Section 2 of the Act (Acts 1933, c. 50), provides for a tax upon gross income "derived from sources within the State of Indiana" of all non-resident persons or corporations. The tax is general, non-discriminatory, operating upon all classes alike, Miles v. Department of Treasury, 209 Ind. 172, 199 N.E. 372, 101 A.L.R. 1359. In our case, the tax arose from the delivery and installation in Indiana by Holland and Interstate of furnaces, equipment, and shingles to customers in that state, and from work performed and materials furnished by Great Lakes and Fitz Simons at construction sites in Indiana, in performance of which, the appellants engaged in a local business, exactly as any other contractors, without discrimination against them in favor of purely local trade. Under the circumstances, we do not think the District Court erred in rendering judgment against the appellants.

We note that in appellants' brief the contention is made that the receipts were not subject to the tax because of the due process clause of the Fourteenth Amendment to the Constitution of the United States. The point is not discussed, because on oral argument it was conceded that the due process clause was not violated if all the receipts of plaintiffs were from activities in Indiana.

Finally, the point is made that appellants' receipts prior to April 1, 1937, were in no event taxable at more than one-fourth of one per cent.

Section 64-2603(f) of the Act imposes the tax at one per cent "upon the gross income of every person \* \* \* enumerated in subsections (a) to (e) inclusive, of this section, including, but not in limitation of the foregoing \* \* \* all funds received for the performance of contracts, \* \* \*."

The contention of the appellants is based upon § 3(a) of the Act § 64-2603(a) imposing a tax at the rate of one-fourth of one per cent upon the receipts from the "business of manufacturing \* \* \* or preparing for sale, \* \* \* any article or \* \* \* commodity \* \* \*," and reliance is placed on Oster v. Department of Treasury, 219 Ind. 313, 37 N.E.2d 528. The facts in that case were that the taxpayer was engaged in the manufacture of coats and cloaks. It is distinguishable from our case, since here, as we have already observed, the appellants are engaged, under specific contracts in Indiana, in installing equipment in buildings or doing specified work and furnishing specified materials; and their gross incomes are derived directly from the performance of their contracts. Their activities are not within the ordinary meaning of manufacturing.

Affirmed.