In the Matter of NATIONAL CASH REGISTER COMPANY, Respondent, against FRANK J. TAYLOR, as Comptroller of the City of New York, Appellant.

Argued October 12, 1937; decided November 23, 1937.

Paul Windels, Corporation Counsel (Oscar S. Cox, Edmund B. Hennefeld, Meyer Bernstein and Frank J. Derrick of counsel), for appellant. Chapter 873 of the Laws of 1934 does not invalidate the tax. (Matter of McLean, 138 N. Y. 158; Hilton v. Fonda, 86 N. Y. 339; People ex rel. Brisbane v. Zoll, 97 N. Y. 203; People ex rel. McCollum v. Scannell, 56 App. Div. 51; People ex rel. Knoblauch v. Warden, 216 N. Y. 154; Matter of Holzworth, 166 App. Div. 150; 215 N. Y. 700; Matter of United Artists Corp. v. Taylor, 273 N. Y. 334; Matter of American League Baseball Club v. Taylor, 248 App. Div. 873; 274 N. Y. 475.) The commerce clause does not invalidate the tax. (Wiloil Corp. v. Pennsylvania, 294 U. S. 169; Woodruff v. Parham, 8 Wall. [U. S.] 123; Monamotor Oil Co. v. Johnson, 292 U. S. 86; Eastern Air Transport v. Tax Comm., 285 U. S. 147; Henneford v. Mason Co., 300 U. S. 577; Welton v. Missouri, 91 U. S. 275; Robbins v. Shelby Taxing District, 120 U. S. 489; Brennan v. Titusville, 153 U. S. 289; Crenshaw v. Arkansas, 227 U. S. 389; Western Oil Refg. Co. v. Lipscomb, 244 U. S. 346; Cheney Bros. v. Massachusetts, 246 U. S. 147; Ozark Pipe Line v. Monier, 266 U. S. 555; Bingaman v. Golden Eagle Western Lines, 297 U. S. 626; Southern Natural Gas Corp. v. Alabama, 301 U. S. 148; Anglo-Chilean Corp. v. Alabama, 288 U. S. 218; United States Glue Co. v. Town of Oak Creek, 247 U. S. 321.) The sales in question originated in New York city and were taxable under the Enabling Act. (Grant v. Griffith, 39 App. Div. 107; 165 N. Y. 636; International Text Book Co. v. Connelly, 206 N. Y. 188; Wilson v. Lewiston Mill Co., 150 N. Y. 314; Jones v. Metropolitan Life Ins. Co., 158 Misc. Rep. 466; Matter of American League Baseball Club v. Taylor, 274 N. Y. 475; Matter of United Artists Corp. v. Taylor, 273 N. Y. 334.) The transactions taxed are not in interstate commerce. (Wiloil Corp. v. Pennsylvania, 294 U. S.

169.) The tax should be sustained. (*Superior Oil Co. v. Mississippi*, 280 U. S. 390; *Edelman* v. *Boeing Air Transport*, 289 U. S. 249; *Minnesota* v. *Blasius*, 290 U. S. 1; *Johnson Oil Co.* v. *Oklahoma*, 290 U. S. 158; *Hicklin* v. *Coney*, 290 U. S. 169; *Wiloil Corp.* v. *Pennsylvania*, 294 U. S. 169.)

*Chauncey B. Garver* and *Arnold E. Monetti* for respondent. The imposition by New York city of a tax on the receipts from sales resulting from contracts made outside the territorial limits of the city is not authorized by chapter 873 of the Laws of 1934 under which the local law imposing the sales tax was enacted. (*Matter of United Artists Corp.* v. *Taylor*, 273 N. Y. 334.) The receipts on which the additional tax was assessed were from transactions in interstate commerce and a tax on them would be a direct burden on interstate commerce. (*Robbins* v. *Shelby County Taxing District*, 120 U. S. 489; *Anglo-Chilean Corp.* v. *Alabama*, 288 U. S. 218; *The State Freight Tax*, 82 U. S. 232; *Stewart Dry Goods Co.* v. *Lewis*, 294 U. S. 550; *Stewart* v. *Michigan*, 232 U. S. 665; *Dozier* v. *Alabama*, 218 U. S. 124; *Bingaman* v. *Golden Eagle Lines, Inc.*, 297 U. S. 626; *Cheney Brothers Co.* v. *Massachusetts*, 246 U. S. 147; *Crenshaw* v. *Arkansas*, 227 U. S. 389; *Caldwell* v. *North Carolina*, 187 U. S. 622; *Western Union Tel. Co.* v. *Texas*, 105 U. S. 460; *Brennan* v. *Titusville*, 153 U. S. 289; *Hovey* v. *DeLong Hook & Eye Co.*, 211 N. Y. 420; *People ex rel. Smith Co.* v. *Roberts*, 27 App. Div. 455.) A tax which is a direct burden on interstate commerce is invalid, even though not discriminatory. (*Robbins* v. *Shelby*, 120 U. S. 489; *Ratterman* v. *Western Union Tel. Co.*, 127 U. S. 411; *Brennan* v. *Titusville*, 153 U. S. 289; *Ficklen* v. *Shelby*, 145 U. S. 1.)

LEHMAN, J. The petitioner is a foreign corporation. It manufactures cash registers and similar machines in Dayton, Ohio. It is authorized to do business in the State of New York, and it maintains an office for the sale

of its products in New York city. By Local Law No. 24 of 1934 (published as Local Law No. 25, Local Laws 1934, p. 164) the city of New York has imposed a tax of two per centum " upon the amount of the receipts from every sale in the city of New York of: (a) Tangible personal property sold at retail," etc. (§ 2.) The tax must be paid by the purchaser to the vendor. Each vendor is required to keep records, and to make a return to the Comptroller of his receipts and of the tax payable thereon and must pay to the Comptroller the tax imposed " upon the receipts required to be included in such return." (§ 6.) The petitioner keeps in the city of New York a stock of " standard " machines manufactured by it in Ohio, and it has included in its return receipts from sales where delivery is made from its stock of standard machines, and it has paid the tax upon those receipts. It has, however, excluded from its return receipts from sales on what it denominates as " special orders " which are sent by it to its place of business in Ohio. The Comptroller has decided that a tax must be paid upon these receipts also. By certiorari proceedings the petitioner has challenged this determination.

An order for a machine which deviates in any way from the standard machines held in stock in New York city by the petitioner is classed by the petitioner as a " special order." Such orders are signed by the purchaser in the city of New York. A cash payment is received when an order is signed. Each order is expressly made " subject to acceptance by the Company at Dayton, Ohio." It is forwarded from New York to Dayton. The machines are manufactured and assembled there in accordance with such orders. Machines are occasionally shipped from Dayton, Ohio, directly to the customer, but usually the machines are placed in packages each addressed to the customer who ordered it, and are then shipped in carload lots to the petitioner's office in New York city, where they are unpacked and then sent

to the customer to whom they are addressed. Because the receipts from such orders are derived from transactions in interstate commerce, the petitioner claims that neither the State of New York nor the city of New York has any power to impose a tax upon them.

The power of the State of New York to tax receipts derived from transactions in interstate commerce is limited by the provisions of the Constitution of the United States. The power of the city of New York to tax receipts from sales is conferred upon it by statute (Laws of 1934, ch. 873). The power so conferred cannot transcend the limitations imposed upon the power of the State by the Constitution of the United States, and it is restricted further by limitations imposed by the State in the enabling act. That act provides expressly that it does not " authorize the imposition of a tax on any transaction originating and/or consummated outside of the territorial limits of any such city, notwithstanding that some act be necessarily performed with respect to such transaction within such limits." (§ 1.) The Appellate Division has held that the limitation in the enabling act has the effect of excluding from the field of taxation, opened to the city, the transactions involved in the " special orders " of the petitioner.

The interpretation placed by the Appellate Division upon the statute removes from the city's power of taxation many transactions which have no connection with interstate commerce and, we are told, many transactions on which taxes have been collected, without challenge or protest from any taxpayer. Arguments, not without weight, have been presented that, when the enabling statute is read as a whole, it appears that the field of taxation which the Legislature intended to open to the city is not so narrow. We confine our determination to the question presented in this proceeding, viz.: Has the city power to impose a tax upon the proceeds of " special orders " obtained in New York for goods manufactured

in Ohio and shipped from there in packages designated for a particular customer? The scope of the powers of taxation which the Legislature *intended* to confer upon the city in the enabling act becomes material only if the State itself had such power and *could* confer it upon the city.

The special orders required delivery of goods manufactured by the petitioner, and the petitioner had no factory within the State. " Where property has come to rest within a State, being held there at the pleasure of the owner, for disposal or use, so that he may dispose of it either within the State, or for shipment elsewhere, as his interest dictates, it is deemed to be a part of the general mass of property within the State and is thus subject to its taxing power." (*Minnesota* v. *Blasius*, 290 U. S. 1, 11.) " The commerce clause does not prevent taxation of goods by the state in which they are found merely because brought from another state, for that would unduly trammel state power of taxation and produce gross inequality and injustice." (*Wiloil Corp.* v. *Pennsylvania*, 294 U. S. 169, 174.) The rule formulated and applied in these cases brings within the taxing power of the State the products of the petitioner held in stock in New York for sale. A tax imposed by the State on the sale of goods produced here and goods imported from other States is valid. However, the goods delivered under a " special order " were not within the State when the order was given. The contract of sale did not become effective until the order given in New York was accepted in Ohio; the goods sold were manufactured in Ohio; they were appropriated to the contract of manufacture or sale in Ohio; they were never held here at the pleasure of the seller for disposal or use; they were sent to the office here of the seller only for delivery to the buyer and as a convenient step in the transportation from the factory of the seller outside the State to the buyer here. Nevertheless, it is argued by the city that the *principle* under-

lying the rule applied in *Minnesota* v. *Blasius* (*supra*) and in *Wiloil Corp.* v. *Pennsylvania* (*supra*) justifies taxation by the State of the proceeds of this transaction.

It is true that in the latter case a tax by the State of Pennsylvania upon the sale of goods shipped to the buyer from outside the State was upheld. In that case the contract, which was made in Pennsylvania, called for delivery in Pennsylvania of unascertained goods, viz., fuel oil. To carry out the contract the seller could have delivered oil held by it or purchased from another in Pennsylvania. It preferred to obtain the oil in Delaware. Interstate transportation was made necessary by reason of the seller's choice; it was not required or contemplated by the contract, and, since the contract of sale did not require or contemplate interstate transportation, the court held that a tax on the sale is not a tax on interstate commerce. Here, on the contrary, the contract made outside of the State called for the delivery of goods which were manufactured outside of the State and which could not be procured within the State. Interstate commerce was contemplated and required by the contract of sale. The State has no power to impose a tax upon that kind of transaction. (Cf. *Cheney Bros. Co.* v. *Massachusetts*, 246 U. S. 147.) We do not determine the scope of the power delegated by the Legislature to the city under the enabling act. We hold only that the Legislature could not by any statute confer upon the city a power to tax proceeds of such transactions in interstate commerce.

The order should be affirmed, with costs.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed.