In the Matter of the Application of FELT & TARRANT MFG. CO., Petitioner, for an Order of Certiorari against FRANK J. TAYLOR, Comptroller of the City of New York, Respondent.

First Department, May 27, 1938.

*Newton K. Fox*, for the petitioner.

*Frank J. Derrick* of counsel [*Oscar S. Cox* and *Bernard H. Sherris* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the respondent.

GLENNON, J. It is conceded by the petitioner that the tax on certain items amounting to $148.55 was properly levied and consequently, having paid $3,122.53 the full amount assessed, it seeks a refund of the difference, amounting to $2,973.98, with interest from February 19, 1937, the date of payment.

The petitioner, Felt & Tarrant Mfg. Co., is an Illinois corporation. It has never qualified to do business in the State of New York. It has its principal office and place of business in Chicago and is engaged in the business of manufacturing and selling comptometers, adding and calculating machines. The company has no manufacturing plant, warehouse or other depository in the State of New York. All manufacturing is done at Chicago. It maintains an office in New York city for the purpose of soliciting orders for comptometers. This business is done by a principal solicitor and his assistants. The authority of the employees is restricted to the soliciting of orders. The agreement under which they work provides as follows:

" It is Mutually Understood and Agreed

" 1. That the said party of the Second Part is merely a solicitor for orders, and that all orders taken must be submitted to and approved by the Felt & Tarrant Mfg. Co. and that all sales and deliveries shall be made by the Felt & Tarrant Mfg. Co."

A standard form of order blank is used. The order is addressed to " Felt & Tarrant Mfg. Co." The order blank contains the following statement: " All orders subject to the acceptance of an officer of the company in Chicago."

If the order is approved by an officer in Chicago, it is sent to its billing department there. A comptometer is then appropriated to the contract of sale by the shipping department and its serial number is inserted in the upper right-hand corner of the order. The machines are then packed in individual cartons for shipment by a common carrier in Illinois to the purchaser here. The shipping order is then turned over to the billing department, where an invoice is made out for the specific machine. The invoice, which is sent from Chicago to the customer, shows the serial number of the comptometer which was shipped.

The invoice has a statement on its face: "Make all checks payable to Company — remit directly to Chicago." All remittances are received and collections made at the company's home office. No billings or collections are made in New York city. No comptometers are kept in New York for the purpose of sale. There are some which are used for what is called "repair loans" and demonstration purposes. "Repair loans" refer to machines which are loaned to customers in the event that those purchased directly become defective and need repair. The servicing of the comptometers is done by the Comptometer Company, a Delaware corporation, authorized to do business in New York.

It was stated on the argument that the practice employed by petitioner in the conduct of its business was followed for a long period of time prior to the enactment of the New York city sales tax. The petitioner in the sale and shipment of its machines from Chicago to New York is engaged in interstate commerce, and consequently the municipal authorities have no right to impose a tax upon the receipts.

We can find no fundamental difference in the facts now under review from those which were before the court in *Matter of National Cash Register Co.* v. *Taylor* (276 N. Y. 208). There Judge LEHMAN said: "'The power of the State of New York to tax receipts derived from transactions in interstate commerce is limited by the provisions of the Constitution of the United States. The power of the city of New York to tax receipts from sales is conferred upon it by statute (Laws of 1934, ch. 873). The power so conferred cannot transcend the limitations imposed upon the power of the State by the Constitution of the United States, and it is restricted further by limitations imposed by the State in the enabling act. That act provides expressly that it does not 'authorize the imposition of a tax on any transaction originating and/or consummated outside of the territorial limits of any such city, notwithstanding that some act be necessarily performed with respect to such transaction within such limits.'"

For the reason assigned, the determination of the comptroller should be annulled, with fifty dollars costs and disbursements to the petitioner.

MARTIN, P. J., O'MALLEY, UNTERMYER and DORE, JJ., concur.

Determination unanimously annulled, with fifty dollars costs and disbursements to the petitioner. Settle order on notice.