McGOLDRICK, COMPTROLLER OF THE CITY OF NEW YORK, v. FELT & TARRANT MFG. CO.*

No. 45. Argued January 2, 1940.—Decided January 29, 1940.

*Mr. William C. Chanler,* with whom *Messrs. Sol Charles Levine, Edmund B. Hennefeld,* and *Jerome R. Hellerstein* were on the briefs, for petitioner.

---

* Together with No. 474, *McGoldrick, Comptroller of the City of New York,* v. *A. H. DuGrenier, Inc., et al.,* also on writ of certiorari, 308 U. S. 545, to the Supreme Court of New York.

72

*Mr. Newton K. Fox* for respondent in No. 45.

74

*Mr. John H. Jackson,* with whom *Mr. Haig H. Davidian* was on the brief, for respondents in No. 474.

MR. JUSTICE STONE delivered the opinion of the Court.

These are companion cases to *McGoldrick* v. *Berwind-White Coal Mining Co., ante,* p. 33. As in that case the question for decision is whether the New York City tax laid upon sales of goods for consumption as applied to respondents infringes the commerce clause of the Federal Constitution.

Upon certiorari to review determinations by the Comptroller of the City of New York, that each of the respondents was subject to the tax, the Appellate Division of the New York Supreme Court set the levy aside. *Matter of Felt & Tarrant Mfg. Co.* v. *Taylor,* 254 App. Div. 246; 4 N. Y. S. 2d 615; *Matter of A. H. DuGrenier, Inc.,* 255 App. Div. 961; 8 N. Y. S. 2d 667. The New York Court of Appeals, without opinion, affirmed the judgment in each case, 279 N. Y. 678; 18 N. E. 2d 311; 281 N. Y. 608; 22 N. E. 2d 172, but by its amended remittitur declared that the affirmance was upon the sole ground that the tax infringed the commerce clause of the Federal Constitution, 280 N. Y. 688; 281 N. Y. 669. The relevant provisions of the taxing act are set out in our opinion in the *Berwind-White Company* case and need not be repeated here.

Respondent, Felt & Tarrant Mfg. Co., an Illinois corporation, with its factory and principal place of business in that state, manufactures and sells adding and calculating machines known as comptometers. It maintains an office in New York City, from which its agents solicit in the city orders for comptometers, which are forwarded to the Illinois office for approval. If accepted each order is filled by allocating to it the purchased comptometer designated by its serial number. It is invoiced to the purchaser and shipped to the New York City office of respondent's sales agent, where it is inspected, tested and adjusted, and then delivered to the purchaser. Remit-

tances are made by the purchaser direct to the Illinois office. The course of business in soliciting and filling orders so far as now material is that of the same company, described in *Felt & Tarrant Mfg. Co.* v. *Gallagher*, 306 U.S. 62.

Respondent, DuGrenier, Inc., a Massachusetts corporation with its factory and principal office in that state, is engaged in the manufacture and sale of automatic vending machines. They are sold throughout the United States by an exclusive sales agent, the respondent Stewart & McGuire, Inc., having an office in New York City. The sales in the city, when not of machines located at the New York office, are effected through solicitations of orders by the agent, which takes from the prospective purchaser a signed order or a contract for a conditional sale on partial payment, which is forwarded by the agent to the Massachusetts office. If accepted there the order is filled by shipping the purchased machine by rail or truck direct to the purchaser in New York City, who pays the freight.

In both cases the tax was imposed on all the sales of merchandise for which orders were taken within the city and possession of which was transferred to the purchaser there. Decision in both is controlled by our decision in the *Berwind-White Company* case. For reasons stated at length in the opinion in that case the tax so laid does not infringe the commerce clause. The judgments will be reversed and the causes remanded for further proceedings not inconsistent with this opinion.

*Reversed.*

The CHIEF JUSTICE, MR. JUSTICE MCREYNOLDS, and MR. JUSTICE ROBERTS dissent from the judgments in these cases upon the grounds stated in the dissenting opinion in *McGoldrick* v. *Berwind-White Coal Mining Co., ante,* p. 59.