McLeod, Commissioner of Revenues, *v.* Binswanger & Company.

4-6975                                                171 S. W. 2d 65

Opinion delivered April 26, 1943.

*Leffel Gentry,* for appellant.

*Daggett & Daggett,* for appellee.

788

McFADDIN, J. The opinion delivered by this court today in cases No. 6973 (*McLeod, Commissioner*, v. *J. E. Dilworrth Company, ante,* p. 780) and No. 6974 (*McLeod, Commissioner*, v. *Reichman-Crosby Company, ante,* p. 780, 171 S. W. 2d 62) is ruling in this present case in every particular except one; and that one difference necessitates some additional consideration of this Binswanger case. The appellee, Binswanger & Company, is a corporation organized under the laws of Tennessee, with its home office and place of business in Nashville, Tennessee, and its business in all instances is conducted and handled exactly as the business of J. E. Dilworth Company (appellee in case No. 6973) and Reichman-Crosby Company (appellee in case No. 6974) except that in some instances the Binswanger Company delivered the goods purchased to the purchaser in Arkansas by its own conveyances.

The Commissioner of Revenues of Arkansas filed suit against the Binswanger Company just as he did against the J. E. Dilworth Company and Reichman-Crosby Company, but in the Binswanger case there was, in paragraph No. 3 of the complaint, an additional allegation to the effect that in some instances the goods purchased were delivered by the Binswanger Company to the purchaser in Arkansas by the Binswanger Company's own conveyances. The answer of the Binswanger Company admitted this allegation of delivery, but claimed the same was insufficient to differentiate it from the Dilworth case and the Reichman-Crosby case.

Therefore, from the complaint and answer it appears that the Binswanger Company did solicit orders in Arkansas, and did make delivery to purchasers in Arkansas from the Binswanger Company's own conveyances. In this particular, and only to the extent of such deliveries, the rule in the Dilworth Company case and the Reichman-Crosby Company case this day decided, *ante,* p. 780, may not apply. The Binswanger deliveries in Arkansas might be sufficient to differentiate the Binswanger case from *Mann* v. *McCarroll,* 198 Ark. 628, 130 S. W. 2d 721, and might bring the Binswanger case within the rule announced by the United States

Supreme Court in *McGoldrick* v. *Felt & Tarrant Mfg. Co.,* 309 U. S. 70, 84 L. Ed. 584, 60 Sup. Ct. Rep. 404. No proof was taken as to how the deliveries were made. We are not able to determine whether the interstate journey had ended so that the sales tax could apply.

So we reverse and remand this case against Binswanger & Company to the Chancery Court in order that the facts may be developed concerning the delivery of goods in Arkansas, and for further proceedings by the Chancery Court not inconsistent with the opinion in the J. E. Dilworth case; *supra,* and this case.