McLEOD, COMMISSIONER OF REVENUES, *v.* J. E. DILWORTH COMPANY AND REICHMAN-CROSBY COMPANY.

4-6973 consolidated                                171 S. W. 2d 62
4-6974

Opinion delivered April 26, 1943.

*Leffel Gentry*, for appellant.

*Bradley & Patten; J. Fred Brown; Daggett & Daggett*, for appellee.

*Coleman, Mann, McCulloch & Goodwin, amici curiae.*

McFADDIN, J. These cases involve the retail sales tax law (Act 154 of 1937) and the gross receipts tax law (Act 386 of 1941).

Appellee, J. E. Dilworth Company, is a corporation organized under the laws of Tennessee, with its home office and place of business in Memphis, Tennessee. It is not qualified to do business in Arkansas, and has no sales office, branch plant, or other place of business in this state. Orders for its machinery and mill supplies are procured in Arkansas by two traveling representatives (both domiciled in Memphis). The orders are subject to the approval of the home office. When the order is approved in Memphis, the merchandise is shipped f. o. b. Memphis, title to the merchandise being relinquished upon delivery to the common carrier. The traveling rep-

resentatives do not collect any money. Appellee also receives orders by mail and telephone from Arkansas customers, which orders are accepted in Tennessee, and merchandise delivered to a common carrier in Tennessee with no title retained. Appellee is engaged in the general interstate business. Arkansas customers sometimes go to the office of the company in Memphis and buy goods direct, loading the same on the purchaser's truck and bringing the merchandise back to Arkansas.

Appellee, Reichman-Crosby Company, is likewise a corporation organized under the laws of Tennessee, with its principal place of business in Tennessee; and its business, in all instances, is conducted and handled exactly as the business of the J. E. Dilworth Company, as above recited.

The Commissioner of Revenues of the State of Arkansas filed separate suits against the two appellees in the Pulaski chancery court alleging in each suit that the respective appellees, by reason of the transactions involved—that is, the traveling salesmen soliciting orders and the appellee shipping the goods to purchasers f. o. b. Memphis—was liable to the State of Arkansas for the retail sales tax or the gross receipts tax of two per cent, as hereinbefore mentioned. The Commissioner of Revenues, in filing suit in the Pulaski chancery court, demanded that the defendants (appellees) severally furnish information as to the amount of the sales mentioned herein so that the Commissioner might levy the tax.

Appellees severally entered appearance, answered the complaint and furnished the requested information; but all the time contended that the tax could not be assessed, because the sales were consummated in Tennessee and delivery of merchandise was made in Tennessee, and the transactions were not taxable by the state of Arkansas under the acts here involved. Appellees contended that the legislative Acts of the state of Arkansas and the regulations pertaining thereto, in so far as they involved appellees' transactions, were void, as being contrary to and infringing upon the Commerce Clause of the Constitution of the United States (art. I,

par. 8) and the Due Process Clause of the Constitution of the United States (Amendment 14).

The Chancery Court made a finding that the Commissioner of Revenues could not require the appellee companies to collect and remit the Arkansas sales tax or gross receipts tax, and that the Commissioner of Revenues could not recover taxes from the appellees in either of these cases. Accordingly, the Chancery Court dismissed the complaints and these appeals followed.

The legal questions in these appeals are: (1) Whether these cases are ruled by *Mann* v. *McCarroll,* 198 Ark. 628, 130 S. W. 2d 721; (2) Whether the decision of the United States Supreme Court in the case of *McGoldrick* v. *Berwind-White Coal Mining Co.,* 309 U. S. 33, 84 L. ed. 565, 60 S. Ct. 388, 128 A. L. R. 876, justifies this court in sustaining the tax here sought to be imposed notwithstanding the decision in *Mann* v. *McCarroll, supra.*

■ In the briefs and in the oral argument, there was considerable discussion of the extent and limits of the holding of this court in *Mann* v. *McCarroll,* 198 Ark. 628, 130 S. W. 2d 721, so a review of that case is essential at the outset.

In *Mann* v. *McCarroll,* the plaintiffs sought to enjoin the Revenue Commissioner from collecting sales tax under Act 154 of 1937. The Chancery Court sustained a demurrer and dismissed the complaints. On appeal, appellants (plaintiffs and interveners below) presented the case to this court by using the dilemma form of argument; that is, on one horn of the dilemma the appellants argued that if the tax be a "use" tax, then the tax would be unconstitutional, arguing that the state could not impose a "use" tax; and on the other horn of the dilemma, the appellants argued that if the tax be a "sales" tax, then it would be a burden on interstate commerce and unconstitutional and void under the facts and circumstances in that particular case.

In the opinion, this court explored the first horn of the dilemma, and held that the tax was not a use tax,

saying: "We are, therefore, of the opinion that this subdivision does not levy or impose a use tax and until such tax is levied and imposed, of course, the question does not arise as to its validity, whether it be a property tax or otherwise." That conclusion ended the *use tax* argument.

Whether a "use tax" is constitutional or unconstitutional was not there decided; and *Mann* v. *McCarroll* does not foreclose the question—which is still open before this court—as to whether a use tax is constitutional; and any statement therein to the contrary is *dicta*. We point this out so that the *dicta* in one decision will not be seized on as the *ratio decidendi* in the next decision; and we point this out for the further reason that no constitutional question is ever to be considered as decided in any case unless that question is necessary for decision in the case.

The second horn of the dilemma presented to the court in *Mann* v. *McCarroll* was that if the tax was a sales tax it was a burden on interstate commerce under the facts there involved. This court said: "Substantially the appellee argues that no sales tax could be levied on a sale made in another state which was thereafter to be brought into the state; that such a tax, that is a sales tax, on a sale made in another jurisdiction would be an unwarranted burden on interstate commerce in violation of the commerce clause of the United States Constitution, and, therefore, invalid." The court then analyzed subdivision F of § 4 of the Act (being the section urged by the appellee therein as distinguishing the tax from a sales tax) and said: "The purpose of the said subdivision (F) aforesaid, is valid beyond a question if it be treated purely as part of the machinery to aid in the collection of a sales tax, and not in fixing liability upon property not subject thereto."

The court thus held the tax was a sales tax and void under the Commerce Clause of the Constitution of the United States in so far as the transactions therein were concerned.

The facts in the cases at bar are substantially the same—so far as the interstate commerce characteristics

—as in *Mann* v. *McCarroll;* therefore, we now hold that the transactions here involved occurring under Act 154 of 1937, and prior to the effective date of Act 386 of 1941, are directly ruled by *Mann* v. *McCarroll;* and, therefore, not subject to the tax.

Appellant urges that the tax levied by the gross receipts tax Act of 1941 is more than a sales tax, but we cannot agree with that contention.

The tax provided by Act 154 of 1937 is commonly referred to as the retail sales tax. Since the enactment of Act 386 of 1941, the tax has been legally called "gross receipts tax." Both taxes are generally referred to as the "sales tax." Whatever name may be given to the tax levied in either of the Acts, the type of the tax provided is essentially the same. The only changes that have been made in the tax since 1935 have been with regard to the scope of the tax and the mechanics of the administration of the law and the collection of the tax. We think it is absolutely clear that the gross receipts tax of 1941, as here involved, is a retail sales tax, and, therefore, the same type of tax as was involved in *Mann* v. *McCarroll.*

■ The appellant argues that in *Mann* v. *McCarroll* we placed a construction on the power of the state to tax, which construction is too narrow, and that, since *Mann* v. *McCarroll,* the United States Supreme Court has rendered its decision in the Berwind-White Coal case (*McGoldrick* v. *Berwind-White Coal Min. Co.,* 309 U. S. 33, 60 S. Ct. 388, 84 L. Ed. 565). In effect, appellant argues that on the strength of the Berwind-White Coal case, we should now overrule our own case of *Mann* v. *McCarroll* in favor of broader taxing desire.

It is our conclusion that the Berwind-White Coal case does not go as far as the appellant contends, and that it introduces no new feature into the law regarding interstate commerce, as previously declared. In the Berwind-White Coal case there was involved a retail sales tax of New York City. The Berwind-White Coal Mining Company, a Pennsylvania corporation, was engaged in the production of coal from its mines in Penn-

sylvania, and it sold the coal to consumers and dealers. It maintained a sales office in New York City. All the sales contracts with the New York customers involved in that case (with two exceptions not germane) were entered into in New York City, and required delivery of the coal by the Berwind-White Coal Mining Company to the purchasers in New York City. In other words, there was a place of business in New York City, and a delivery in New York City; and, therefore, the tax of New York City was upheld. The United States Supreme Court, speaking by Chief Justice STONE, said: "The like taxation of property, shipped interstate, before its movement begins, or after it ends, is not a forbidden regulation. An excise for the warehousing of merchandise preparatory to its interstate shipment or upon its use, or withdrawal for use, by the consignee after the interstate journey has ended is not precluded."

The distinguishing point between the Berwind-White Coal case and the cases at bar is that in the Berwind-White Coal case the corporation maintained its sales office in New York City, took its contracts in New York City and made actual delivery in New York City; whereas, in the cases at bar, the offices are maintained in Tennessee, the sale is made in Tennessee, and the delivery is consummated either in Tennessee or in interstate commerce with no interruption from Tennessee until delivery to the consignee essential to complete the interstate journey. The rule still obtains that, in cases of this type, delivery to the carrier is delivery to consignee. We hold that the Berwind-White Coal case affords the appellant no ground for asking an overruling by this court of *Mann* v. *McCarroll*.

The fact that appellees have traveling salesmen who come into this state to solicit orders is not sufficient to take the transaction out of interstate commerce. The sale is not made when the traveling man takes the order, but when the order is accepted and the goods are loaded f. o. b. cars in Tennessee. Furthermore, the Crenshaw case (*Crenshaw* v. *Arkansas,* 227 U. S. 389, 57 L. Ed. 565, 33 Sup. Ct. Rep. 294) is adverse to the contention of the appellant herein. Our attention has been called to

the cases of *Nelson* v. *Sears, Roebuck & Co.*, 312 U. S. 359, 61 S. Ct. 586, 85 L. Ed. 888, and *Nelson* v. *Montgomery Ward & Co.*, 312 U. S. 373, 85 L. Ed. 897, 61 S. Ct. 593, as instances where corporations were required to collect a tax for goods sold and used in the taxing state; but there are two distinctions between these cases and the cases at bar: first, the tax there involved was a *use tax* and not a *sales tax;* and second, each company had an office·in the state in which the tax was levied. Likewise, we point out that it was a *use* tax, and not a *sales* tax that was sustained in *Felt & Tarrant Mfg. Co.* v. *Gallagher*, 306 U. S. 62, 83 L. Ed. 488, 59 S. Ct. 376.

To conclude, we hold herein: (1) that the tax here involved is a sales tax; and (2) that as a sales tax, it would be a burden on interstate commerce for the tax to be imposed and collected under the facts in these cases.

It, therefore, follows that the decision of the Chancery court was correct and it is hereby affirmed.