STATE, EX REL COMMISSIONER OF REVENUES, *v.*
HOLLIS & COMPANY.

4-7729                                190 S. W. 2d 986

Opinion delivered December 10, 1945.

*O. T. Ward* and *R. S. Wilson,* for appellant.

*Buzbee, Harrison & Wright,* for appellee.

McHANEY, J.   Appellee is an Arkansas corporation with its principal office and place of business in Little Rock.   It also owns and operates a branch store or place of business in Shreveport, Louisiana, having complied with the laws of that State relating to foreign corporations, § 1246 *et seq.*, Louisiana General Statutes, Annotated, 1939.   It brought this action to enjoin appellant, Commissioner of Revenues, from attempting to collect from it an asserted demand for taxes on sales made by it from its Shreveport, Louisiana, store to purchasers in the State of Arkansas.   It charged that the demand was illegal because all the sales upon which appellant claims a tax should be paid were sales made to Arkansas purchasers by its Shreveport store, all of which articles of sales were delivered to common carriers at Shreveport, consigned to purchasers and shipped in interstate commerce, and that the imposition of the tax demanded thereon would be in violation of § 8, Art. I of the U. S. Constitution, and of the equal protection clause of the 14th Amendment to said constitution.

Appellant answered admitting the demand and asserting that, because appellee maintains a place of business in Arkansas, it is liable for the sales tax on sales of merchandise made to purchasers in Arkansas, regardless of whether, in negotiating said sales, the orders were directed to appellee's place of business in Shreveport and regardless of whether such sales were consummated by acceptance of said orders in Shreveport, and by delivering merchandise so purchased to a common carrier in Shreveport, consigned directly to the purchasers in Arkansas.

The undisputed facts disclose that the Shreveport store of appellee is operated separately and independently of its Little Rock store; that the sales tax here demanded is based wholly on sales made by the Shreveport store to customers in Arkansas; that when orders for merchandise were received by the Shreveport store, it was there determined whether such orders would be accepted and the merchandise shipped, which depended

on the customer's credit and whether the goods ordered were in stock; that in some cases orders were declined; that all of the sales were consigned to customers in Arkansas and delivered to carriers in Shreveport on open bills of lading; that all sales were paid for at the Shreveport store; that said store employed traveling salesmen to take orders from Arkansas customers, who, during the period here involved, took orders for merchandise from Arkansas customers in the sum of $76,613.80; and that, during the same period, the amount of sales on orders received by mail, wire or telephone from Arkansas customers was $50,820.53. In a few instances, where the Shreveport store did not have the goods so ordered, such orders were sent to the Little Rock store and filled from that store, the total amount of such sales being $255.38. It was conceded the appellee owed the tax and penalty on this amount in the sum of $5.62 which it paid.

Trial resulted in a decree holding that all sales upon which appellant seeks to impose a tax against appellee, other than those mentioned next above, were sales, or transactions in interstate commerce and not subject to sales tax in Arkansas, and appellant was enjoined from attempting to collect said tax. This appeal followed.

The tax sought to be collected by appellant is based on Act 386 of 1941, p. 1056, the short title of which is "The Arkansas Gross Receipts Act of 1941." It is a sales tax and not a use tax act, and has been so treated by this court in all cases subsequent to its enactment. See *McLeod, Commissioner*, v. *J. E. Dilworth et al.*, 205 Ark. 780, 171 S. W. 2d 62.

We think this case is ruled in all respects adversely to appellant's contentions by the Dilworth case, *supra*, which was affirmed by the U. S. Supreme Court. *McLeod, Commissioner of Revenues*, v. *Dilworth*, 322 U. S. 327, 64 Sup. Ct. Rep. 1023, 88 L. Ed. 1304. We there pointed out the distinction between that case and the case of *McGoldrick* v. *Berwind-White Coal Mining Co.*, 309 U. S. 33, 60 S. Ct. 388, 84 L. Ed. 565, 128 A. L. R. 876, on which latter case appellant in the case at bar relies, in the

following language: "The distinguishing point between the Berwind-White Coal case and the cases at bar is that in the Berwind-White Coal case the corporation maintained its sales office in New York City, took its contracts in New York City and made actual delivery in New York City; whereas, in the cases at bar, the offices are maintained in Tennessee, the sale is made in Tennessee, and the delivery is consummated either in Tennessee or in interstate commerce with no interruption from Tennessee until delivery to the consignee essential to complete the interstate journey. The rule still obtains that, in cases of this type, delivery to the carrier is delivery to consignee. We hold that the Berwind-White Coal case affords the appellant no ground for asking an overruling by this court of *Mann* v. *McCarroll.*"

So here, appellee's Shreveport store operated only in Shreveport. It did not make any contracts or actual deliveries in Arkansas. On the contrary, just as in the Dilworth case, the branch or store is in Louisiana, the sales were made in Louisiana, and the deliveries were consummated either in Louisiana or in interstate commerce with no interruption from Louisiana until delivery to the consignees essential to complete the interstate journey.

It is true that appellee owns and operates a store in Little Rock and that it is an Arkansas corporation. But the undisputed facts show that the Little Rock store had nothing whatsoever to do with the sales of merchandise here involved. The tax is laid upon the sales and not upon the company or person making the sales. The sales here involved were made in Louisiana where the transfer of ownership took place. As said by the U. S. Supreme Court, in affirming our decision in the Dilworth case, "In Berwind-White the Pennsylvania seller completed his sales in New York; and in this case the Tennessee seller was through selling in Tennessee. We would have to destroy both business and legal notions to deny that under these circumstances the sale—the transfer of ownership—was made in Tennessee. For Arkansas to

impose a tax on such transactions would be to project its powers beyond its boundaries and to tax an interstate transaction.''

The citizenship of the seller is not controlling in determining whether a sale is taxable. It is the situs of the sale that controls. If the sale as here is consummated in Louisiana by a citizen of Arkansas to an Arkansas citizen, it is not taxable in Arkansas under our sales tax law, whereas, it might be taxable here, if we had a use tax law. See *Mann* v. *McCarroll, Com. of Rev.*, 198 Ark. 628, 130 S. W. 2d 721, where Mann and others had bought merchandise, machinery, etc., in other states and the right to collect a sales tax thereon was denied under Act 154 of 1937. Also, § 2 (c) of Act 386 of 1941.

There is no claim on the part of appellant that the establishment of the Shreveport store by appellee was a mere subterfuge to avoid the payment of taxes on sales made to Arkansas customers, nor is there any evidence in the record that such is the fact.

On the facts presented the decree is correct and is accordingly affirmed.