174 P.2d 620

**PRATT–GILBERT HARDWARE CO. v. O'NEIL et al.**

No. 4902.

Supreme Court of Arizona.

Nov. 18, 1946.

For former opinion, see 64 Ariz. 393, 173 P.2d 91.

Snell, Strouss & Wilmer, of Phoenix, for appellant.

John L. Sullivan, Atty. Gen., and Burr Sutter, Asst. Atty. Gen., for appellees.

LaPRADE, Judge.

In arriving at my original opinion in this case, I was guided to a very great extent by the decisions of the Supreme Court of the United States in McGoldrick v. Berwind-White Coal Min. Co., 309 U.S. 33, 60 S.Ct. 388, 84 L.Ed. 565, 128 A.L.R. 876, and McGoldrick v. Felt & Tarrant Mfg. Co., 309 U.S. 70, 60 S.Ct. 404, 84 L. Ed. 584 (Citations in the original opinion.) These cases were determined on writs of certiorari to the Supreme Court of the State of New York. The Comptroller of the City of New York in each of these cases had determined that the respondents were subject to the tax. The Appellate Division of the New York Supreme Court set the levies aside. Matter of Felt & Tarrant Mfg. Co. v. Taylor, 254 App.Div. 246, 4 N.Y.S.2d 615; Matter of A. H. DuGrenier, Inc. v. McGoldrick, 255 App.Div. 961, 8 N.Y.S.2d 667. The New York Court of Appeals, without opinion, affirmed the judgment in each case 279 N.Y. 678, 18 N.E.2d 311; 281 N.Y. 608, 22 N.E.2d 172, but by its amended remittitur declared that the affirmance was upon the sole ground that the tax infringed the commerce clause of the Federal Constitution. Const.U.S. art. 1, § 8, cl. 3. In the opinions of the Supreme Court of the United States it was determined that the tax was not an undue burden upon interstate commerce. I concur in the reasoning of these cases and I am still of the opinion that the Arizona tax does not infringe the federal commerce clause as applied to the transactions in question. What I overlooked in analyzing these cases was that the state question of the right of the City

of New York to levy the tax was not an issue, this apparently for the reason that the New York City ordinance, Local Law No. 24 of 1934, page 164, published as Local Law No. 25, laid a tax on every sale in the Ctiy of New York, "sale" being defined by section 1(e) as "any transfer of title or possession or both * * * in any manner or by any means whatsoever for a consideration, *or any agreement therefor."* (Emphasis supplied.) Our statute does not include as a taxable event any contract or agreement consummated within the state looking to the transfer of title or possession of tangible personal property outside the state. Had I fully taken cognizance of this difference in the statutes, I would have been of the opinion, as I now am, that the Arizona Excise Revenue Act, Code 1939, § 73-1301 et seq., does not impose a tax upon the transactions which are the subject matter of this appeal.

The state question as to whether these transactions are subject to our excise revenue (sales) tax is entirely separate and apart from the question as to whether the transactions are so related to interstate commerce as to be exempt from state taxation under the federal commerce clause. These sales f. o. b. outside the state of Arizona were not sales within the state. Sales " 'In this state' or 'in the state' means within the exterior limits of the state of Arizona." Section 73-1302, A.C.A. 1939. There was no occasion to determine whether the imposition of the tax in-fringed the commerce clause. Our Excise Revenue Act as applied to the transactions involved herein imposes the tax on the business of selling tangible personal property *within the state of Arizona.*

For these reasons I concur in the dissenting opinion of Judge Morgan that the judgment of the lower court should be reversed with instructions to overrule defendants' motion to dismiss and reinstate plaintiff's complaint.

MORGAN, J., concurs in the result.

STANFORD, Chief Justice (dissenting).

Two grounds of protest were made by appellant when it paid the taxes levied by the Tax Commission. The petition for rehearing states: "The judgment of the Court below is affirmed by a two to one decision without either of the two judges who concurred in the affirmance considering or passing upon the first of these propositions."

The first ground above referred to by appellant is: "1. The sales are not sales within the State of Arizona, and are, therefore, not subject to the privilege sales tax for the reason that delivery was made without the State of Arizona."

Appellant's place of business was in Phœnix, Arizona, and at that place sold the property involved. The purchaser paid the money here and appellant received it here, but not having the property sold in

stock, appellant caused the property to be delivered by the factory to the railroad and shipped directly to the purchaser in Arizona.

Because the goods were to be delivered to the purchaser f. o. b. outside of Arizona and to be shipped to purchaser within Arizona, it is contended the gross proceeds of sale accruing to purchaser from such sale are not taxable.

The tax is imposed on the gross proceeds of sale of "every person engaging or continuing within this state" as stated in our code Section 73-1303(d), in selling any tangible personal property at retail.

The purchase price of the material or equipment became a part of the gross proceeds of sale of a licensed retailer engaging in business by reason of his license within the State of Arizona, and is therefore taxable.

The tax is imposed on the one doing business within this state, not contingent on whether the property was delivered by a carrier who received the shipment from outside, or a merchant from his warehouse. The place from which, the time or the method or the person by whom the goods are delivered are not conditions precedent to the right to tax the proceeds of sale.

Appellant in its opening brief refers to the uniform sales act and states:

"Where a sale is made of tangible personal property f. o. b. a point without this State title and possession are transferred to the purchaser, *and the sale is made,* at the point *without* the state where under the terms of the agreement delivery is to be made.

"This is the law in this State as *expressly declared by statute.* (Uniform Sales Act) Sections 52-517, 52-518, 52-543, A.C. 1939."

That act does not govern nor have reference to the relationship between the state as a taxing agency and the buyer and seller.

This is not an action involving the rights between buyer and seller as covered by said act, but an action between a taxpayer and the state involving the tax statutes, and the amount of gross proceeds of sales arising from the retail business of a dealer licensed by the state, residing and doing business within the state, subject to its laws and receiving the protection and benefits of the laws of the state where he resides.

The petition for rehearing should be denied.