COOK, COMMISSIONER OF REVENUES *v.* SOUTHEAST ARKANSAS TRANSPORTATION CO.

4-8202                                        202 S. W. 2d 772

Opinion delivered June 9, 1947.

832

*O. T. Ward,* for appellant.

*Rowell, Rowell & Dickey,* for appellee.

SMITH, J. The essential and controlling facts in this case are covered by stipulation of opposing counsel, and may be stated as follows: Appellee, a transportation company, bought certain busses, the number not being stated, from a manufacturer or dealer in St. Louis, Missouri, a completed sale being made in that city. The busses were shipped to appellee at Pine Bluff, Arkansas, and the State Revenue Commissioner is demanding and endeavoring to collect from appellee a tax of two per cent of the purchase price of the busses under the provisions of paragraph (e) of § 3 of Act 386 of the Acts of 1941. This attempt of the Commissioner was enjoined in the decree from which is this appeal. For the reversal of this decree the contention is made that the tax levied upon new automobiles under the statute referred to is a use tax and not a sales tax, and the correctness of this contention is the question presented for decision.

The purpose of Act 386 as reflected by the title is "To Provide for Raising Revenue to Sustain the Common Schools; to Provide Free Text Books for the First Eight Grades Thereof: to Substitute Homestead Exemption Taxes and to Provide Funds for State Charitable Institutions, for Library Services and for the Objects of the Welfare Commission," and to provide these funds "by Prescribing and Levying Specific Taxes Upon Gross

Receipts Derived From Sales," and to provide for the ascertainment, assessment and collection thereof.

If the Act authorizes the collection of a use tax, that fact is not revealed by its title, but rather is concealed. The title of an act is not controlling in its construction, although it may be considered in determining its meaning when in doubt. *Matthews* v. *Byrd,* 187 Ark. 458, 60 S. W. 2d 909.

Section 1 of this Act 386 reads: "This Act shall be known and cited as 'The Arkansas Gross Receipts Act of 1941.' Authority for the levy and collection of the tax is found in § 3 of the Act, the first paragraph of which reads as follows; 'There is hereby levied an excise tax of two (2%) per centum upon the gross proceeds or gross receipts derived from all sales to any person subsequent to the effective date of this Act, of the following: . . .'".

Sub-paragraphs of this section of the Act (a), (b), (c), (d), and (e) enumerate the property, service, etc., upon which the tax is imposed, and the second paragraph of sub-paragraph (e) reads as follows: "The tax levied by this Act in respect to the sale of new automobiles shall be paid by the user or consumer to the Commissioner of Revenues instead of being collected by the dealer and the Commissioner shall be required by this Law in issuing automobile license for new cars to require payment of the two per cent tax levied hereby before issuing said licenses."

It is upon the paragraph just quoted that the Commissioner relies for his authority to collect the tax here in question.

This Act 386 of 1941, by which number it will be hereinafter referred to, superseded Act 154 of the Acts of 1937, hereinafter referred to by that number.

Act 154 has a section, number 4, corresponding to § 3 of Act 386 and paragraph (F) of Act 154 reads as follows: "Every person, as defined in this Act, shall report to the Commissioner as a retail sale the use or

consumption by him of anything on which the sales tax has not been paid under this Act which would have been levied had it been sold at retail in this state, and shall pay the sales tax thereon.''

Under the authority of paragraph (F) of § 4 of Act 154 it was sought in the case of *Mann* v. *McCarroll*, 198 Ark. 628, 130 S. W. 2d 721, to collect a use tax on certain gin and other machinery bought in another state, and used in this state, just as the Commissioner of Revenues is attempting to do in the instant case. But it was there said: ''There is no controversy about these several sub-divisions (A), (B), (C), (D), and (E), but (F) is the questioned provision. Now it is contended by the appellee that sub-division (F) in itself levies or imposes the use tax. We have just called attention to the imposition of the sales tax in a quoted portion of § 4. The only tax, therefore, that is imposed is a sales tax. We seek in vain for any language that lays or imposes a 'use tax'. We may not so amend an act of the Legislature to levy and collect a tax apparently not even contemplated by the law-making body. If sub-division (F) be given any interpretation or construction at all, it must be such interpretation or construction as will relate to the only tax that is imposed by said Act 154, and that is the retail sales tax.''

It was also said in the Mann case, *supra*, ''The quoted first part of § 4 above set out indicated clearly that the Legislature knew a tax had to be levied or imposed before it could be collected and there can be no question that it levied a sales tax. There is no language whereby a use tax was levied or by which such fact might be determined by actual or necessary implication. In fact, the very provisions which the appellee now argues are sufficient to levy a use tax and provide for its collection designate such tax as was levied as the sales tax levied in the first part of this section.''

It was there further said: ''The purpose of the said sub-division (F) aforesaid, is valid beyond question if it be treated purely as part of the machinery to aid in

the collection of a sales tax, and not in fixing liability upon property not subject thereto."

So, also, the second paragraph of sub-section (e) of section 3 of Act 386 must be construed as the method of collecting the sales tax when such tax is due, and not as imposing another and a different tax, to-wit, use tax.

The concession is frankly made in the state's brief that a sales tax may not here be collected, as a completed sale was made in another state, unless Act 386 has imposed a use tax. The case of *McLeod, Commissioner* v. *J. E. Dilworth Co.*, 205 Ark. 780, 171 S. W. 2d 62, (affirmed by the Supreme Court of the United States, 322 U. S. 327, 64 S. Ct.. 1023, 88 L. Ed. 1304) is decisive of the question that a sales tax may not be collected in this case. It was also held in effect in the Dilworth case, *supra,* that the tax imposed by Act 386 is in reality a retail sales tax such as was imposed by Act 154.

In a very recent case of *State ex rel. Com. of Revenues* v. *Hollis & Co.*, 209 Ark. 455, 190 S. W. 2d 986, it was said: "The tax sought to be collected by appellant is based on Act 386 of 1941, p. 1056, the short title of which is "The Arkansas Gross Receipts Act of 1941." It is a sales tax and not a use tax act, and has been so treated by this court in all cases subsequent to its enactment. See *McLeod, Commissioner* v. *J. E. Dilworth Co., et al.,* 205 Ark. 780, 171 S. W. 2d 62."

It is not without significance that following the decision in the Dilworth case, *supra,* in which the opinion was delivered April 26, 1943, that the General Assembly at its ensuing 1945 session passed a bill imposing a use tax in certain cases, which was vetoed by the Governor.

We conclude therefore, that Act 386 does not authorize the collection of a use tax and the decree enjoining the attempt to collect it will therefore be affirmed.