No. 15,811.

State of Colorado et al. *v.* American Can Company.

(186 P. [2d] 779)

Decided November 10, 1947.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. GEORGE K. THOMAS, Assistant, for plaintiffs in error.

Messrs. GRANT, SHAFROTH & TOLL, Mr. DOUGLAS McHENDRIE, for defendant in error.

MR. JUSTICE ALTER delivered the opinion of the court.

AMERICAN CAN COMPANY, a New Jersey corporation, defendant in error here, plaintiff below, began an action in the district court against the State of Colorado and Albert F. Cruse, director of revenue of the state of Colorado, and Homer F. Bedford, state treasurer of the state of Colorado, plaintiffs in error here, defendants below, to recover judgment in the amount of a deficiency assessment in the sum of $1,839.77 plus interest thereon in the sum of $432.35, paid under protest by plaintiff below on its income tax return for the taxable year ending December 31, 1939. Upon trial before the court judgment was entered in favor of American Can Company, to review which, this writ of error.

American Can Company will be referred to as the Company, and the plaintiffs in error as the State.

The allegations of the complaint necessary for our consideration read:

"4. On February 23, 1944, the Department of Revenue, Income Tax Section, of the State of Colorado, gave notice to the plaintiff of a deficiency assessment with regard to its Income Tax for the taxable year ending December 31, 1939, in the amount of $1,839.77, plus interest from April 15, 1940, in the sum of $432.35. A copy of said Notice of Assessment together with a copy of Explanation of Income Tax Deficiency are attached hereto, incorporated herein by reference and marked 'Exhibit A.'

"5. On or about the 21st day of April, 1944, plaintiff paid the aforementioned deficiency assessment to the State of Colorado under protest, plus additional interest, in the total sum of $2,290.51.

"6. On or about the 7th day of August, 1944, plaintiff, within the time allowed by the Income Tax Act of the State of Colorado, filed a claim for refund with the Department of Revenue for the State of Colorado. Subsequent to the filing of said Claim, the defendants herein have taken no action thereon and more than six months have gone by since the date thereof."

The State, in its answer, admitted the allegations of the complaint hereinabove quoted *except* it denied the Company's contention that the assessment was illegal, and affirmatively set forth that the basis of the deficiency assessment was income which the Company had derived from a certain class of retail sales made to its customers in the state of Colorado under a business system whereby orders for the goods were taken in the state of Colorado, transmitted to the home office of the Company for acceptance, and shipments from factories or warehouses of the Company located outside of the state of Colorado were made by freight consigned f.o.b. point of delivery to a carrier outside of the state of Colo-

rado for delivery to the retail purchaser within the state of Colorado.

The case was presented to the court on a stipulation of facts which, so far as necessary for our consideration, are as follows:

"1. That plaintiff is a New Jersey Corporation engaged in the business of manufacturing and selling containers, and is authorized to do business in Colorado, and has had at all times mentioned in the complaint a warehouse at Denver, Colorado, from which sales are made to Colorado customers.

"2. Admits that $116,530.34 was the gross income in 1939 from Colorado Customers for sales made by plaintiff from its Denver warehouse.

"3. That plaintiff had salesmen taking orders in Colorado for the f.o.b. factory shipments from outside of the state and which were not binding upon plaintiff until accepted by the company at one of its foreign offices, either Chicago or New Jersey.

\* \* \*

"5. That the gross income in 1939 from sales made for f.o.b. factory shipments for goods delivered outside of the State of Colorado for customers in Colorado was $872,426.03. That the total of sales of plaintiff anywhere in the USA in 1939 were $179,703,497.95.

\* \* \*

"8. That plaintiff does not manufacture goods in Colorado, but has its factory and principal offices outside of Colorado. The bills are sent direct from the Company's principal offices outside of Colorado to Colorado purchasers and are paid direct by the customers to such office."

The State takes the position that:

"The sole and only issue at law presented by the facts of this case is whether or not income derived from the retail sale of a manufactured article to a customer in Colorado of a foreign manufacturing corporation is taxable under the income law of the State of Colorado as

corporate income 'derived from the property located and business transacted within this state during the taxable year' (section 2 (b), chapter 175, Session Laws of Colorado 1937), if such sale originates through orders taken by an agent of the corporation from its customer in Colorado for delivery of the article to said customer in Colorado from a warehouse or a factory owned and operated by the foreign corporation outside of the State of Colorado on bill of lading f.o.b. factory or warehouse to a designated customer's destination in the State of Colorado, there by the carrier to be delivered to the customer.

"It is the contention of the American Can Company that its income derived from such transactions is nontaxable and, therefore, not subject to allocation as provided by section 17, chapter 175, Session Laws of Colorado 1937, being the Colorado Income Tax Act. It is the contention of plaintiffs in error that such income is subject to the Colorado income tax and must be allocated in accordance with the provisions of section 17, Session Laws of Colorado, 1937, supra."

It thus will be noted that if the income of a foreign corporation derived from sales arising through the solicitation of salesmen who take orders which must be approved at the office of the foreign corporation outside of the state of Colorado for goods to be shipped to customers in the state of Colorado on bills of lading f.o.b. points outside of the state of Colorado is taxable income under the provisions of section 2 (b), chapter 175, S.L. Colo. 1937, the judgment must be reversed; otherwise affirmed. Section 2 (b), supra, reads: "2 (b) Corporations shall pay annually a tax with respect to carrying on or doing business at the rate of 4 per cent on the entire net income, as herein defined, *derived from property located and business transacted within this state during the taxable year."* (Italics ours)

It is not contended by either of the parties that the Company's income is susceptible of direct allocation un-

der the provisions of section 16, S.L. Colo. 1937, for part of the gross income of the Company is derived from property located and business transacted in part within and in part without this state. The parties here are in agreement that it is necessary in the instant case to use the method of apportionment provided by section 17, chapter 175, S.L. Colo. 1937; they are in accord that the total investment of the Company in real and tangible property is $136,125,189.96, while the Company's investment in real and tangible property in Colorado is but $106,001.23; they are in accord that the gross sales of the Company subject to taxation are $179,703,497.95 and that the gross sales of the Company made by its one branch office in Colorado amount to $166,530.34. It is the Company's contention that in computing its taxable income in Colorado under section 17, supra, $166,530.34 should be the numerator and $179,703,497.95 should be the denominator. The State contends that the gross sales amounting to $872,426.03, derived as noted in the stipulation should be added to the gross sales made in Colorado as above mentioned, making a total of $1,038,956.37, which should be the numerator and $179,703,497.95 should be the denominator, and these contentions give rise to this litigation.

In *Cruse, Director of Revenue v. Stayput Clamp and Coupling Company,* 113 Colo. 254, 156 P. (2d) 397, we had occasion to determine the taxability of a domestic corporation's net income where its only office and manufacturing plant was within this state, where all of its property was located, and there we held that the net income of the corporation was taxable whether derived from sales made within or without the state of Colorado, and therein construed our income tax law (chapter 175, S.L. 1937) as the same applied to the income of corporations, and in doing so we supported our position by the citation of authorities from other jurisdictions, including the United States Supreme Court. The situation considered in *Cruse v. Stayput Co., supra,* is the exact converse

of the situation here presented. Our construction of the income tax statute in question there and here and the authorities cited by us in *Cruse v. Stayput Co., supra,* convinced us of the taxability of the net income there, and our construction of the statute and the authorities cited therein are equally conclusive in the denial of taxability here.

Here the principal office of the Company is without the state of Colorado, and the fact that it maintains a branch office in Colorado is wholly unimportant because, under the stipulation of facts here, the sales neither originated nor were consummated through the branch office—the branch office had no connection therewith. Here the articles were manufactured and, at the time of sale, were located outside of the state of Colorado, with ownership and possession in the Company; here possession of the articles, when sold, is delivered to the purchaser at the Company's factory or warehouse outside the state of Colorado for shipment to the purchaser f.o.b. the Company's factory or warehouse; here the signed order for the purchase of the articles without the state of Colorado did not become a contractural obligation on the part of the Company until accepted by the Company's officers at an office maintained outside the state of Colorado. These facts readily distinguish the instant case from the decisions in *McGoldrick v. Berwind-White Co.,* 309 U.S. 33, 60 Sup. Ct. 388, 84 L. Ed. 565; *McGoldrick v. Felt and Tarrant Co.,* 309 U.S. 70, 60 Sup. Ct. 404, 84 L. Ed. 584; and *McGoldrick v. A. H. DuGrenier, Inc.,* 309 U.S. 70, 60 Sup. Ct. 404, 84 L. Ed. 584, with reference to which it is said: "In both cases the tax was imposed on all the sales of merchandise *for which orders were taken within the city and possession of which was transferred to the purchaser there."* (Italics ours)

There is no allegation or proof that the Company's method of transacting its business is a subterfuge to enable it to evade the payment of income taxes, and for aught that appears, this method of doing business was

the settled practice of the Company. If we were to hold the income here questioned taxable in Colorado, to be consistent, the income of a foreign corporation derived from sales of articles advertised in a paper or magazine published without the state of Colorado would, in principle, be taxable here.

Under the circumstances here, should we hold the gross income of $872,426.03, derived from sales made from factories or branches outside of the state of Colorado and shipped on orders solicited in the state of Colorado to customers here by common carrier f.o.b. the point of delivery, we would be imposing a tax and projecting our tax powers beyond the borders of the state of Colorado, and this power of taxation has never been upheld in any decision called to our attention, and certainly cannot be supported as taxable income "derived from property located and business transacted within this state."

Counsel for the State announce that: "A final and conclusive decision sustaining the Director of Revenue's deficiency assessment against the American Can Company is found in the Supreme Court of the State of California's opinion in the matter entitled 'West Publishing Company v. McColgan,' reported in 166 P. (2d) 861." The California provision in question reads: "There shall be levied, collected and paid for each taxable year, a tax at the rate of four per cent upon the net income of every corporation derived from sources within this State on or after January 1, 1937;"

A mere reading of the California income tax statute clearly demonstrates that its provisions are neither identical nor similar to the one in question here.

Our disposition of this action is such that we are not called upon to, and do not, determine any constitutional question because of our oft announced and well settled practice to not do so unless necessary for a determination of the questions presented.

Under our decision in *Cruse v. Stayput Co., supra,* and the authorities therein announced, to which should be added *McLeod v. Dilworth Co.,* 322 U.S. 327, 64 Sup. Ct. 1023, 88 L. Ed. 1304, the income here questioned is not taxable in the state of Colorado, and the judgment, accordingly, is affirmed.

MR. JUSTICE HAYS dissents.