## Case No. 207

### THOMPSON, COMMISSIONER, v. RHODES-JENNINGS FURNITURE Co.

In this case, the Commissioner claims that Rhodes-Jennings is liable to the State for the Gross Receipts Tax, under Act 386 of 1941 (§ 84-1901 *et seq.* Ark. Stats.) because of sales of merchandise made by Rhodes-Jennings to residents of Arkansas. The facts were stipulated, as follows:

"Plaintiff is a corporation organized under the laws of the State of Tennessee. It has not qualified to do business in Arkansas, nor does it own or maintain a place of business in this state, neither does it have agents or drummers who solicit business herein.

"Plaintiff has heretofore sold merchandise to residents of Arkansas, all of such sales being made in the following manner:

"(a) Residents of Arkansas come in person to the place of business conducted by plaintiff in Memphis, Tennessee, and purchase and pay the consideration for certain items of merchandise, and

"(b) Residents of Arkansas use the Federal postal service or interstate telephone or telegraph service and

offer to purchase from plaintiff such items of merchandise, and such offers are accepted or rejected by defendant in Memphis, Tennessee.

"That in either or all of such transactions so had, the offer to buy such merchandise so made by the resident of Arkansas, and the acceptance thereof by plaintiff, was made in Tennessee, and the consideration therefor was paid in Tennessee. Thereafter, plaintiff delivered the merchandise so purchased without additional charge to the home or place of business of the Arkansas resident by its truck. Plaintiff has an established policy generally known to its customers that such delivery will be made within a radius of 100 miles of Memphis, Tennessee, at no cost to the purchaser."

It is clear from the above stipulated facts that Rhodes-Jennings' place of business is in Tennessee, that it does not have any agents or salesmen traveling in Arkansas, that in each instance the sale to the Arkansas resident was completed in Tennessee, and that the only time Rhodes-Jennings, or any of its employees, ever entered the State of Arkansas, was when the truck of Rhodes-Jennings brought the articles into Arkansas for delivery.

The Commissioner claims that Rhodes-Jennings is liable for the Gross Receipts Tax levied by Act 386 of 1941 (§ 84-1901 Ark. Stats.), which is a Sales Tax Act. In *McLeod* v. *Dilworth,* 205 Ark. 780, 171 S. W. 2d 62, we held that sales made in Tennessee under similar circumstances were not subject to the Arkansas Sales Tax; and the Supreme Court of the United States affirmed the case in *McLeod* v. *Dilworth,* 322 U. S. 327, 88 L. Ed. 1304, 64 S. Ct. 1023. But the Commissioner now contends that the effect of the holding of the U. S. Supreme Court in *General Trading Co.* v. *State Tax Commission,* 322 U. S. 335, 88 L. Ed. 1309, 64 S. Ct. 1028, and *Norton Co.* v. *Dept. of Revenue of Ill.,* 340 U. S. 534, 95 L. Ed. 517, 71 S. Ct. 377, was to overrule the holding in *McLeod* v. *Dilworth;* and the Commissioner also contended that the decision of the Maryland Court of Appeals in *Miller*

v. *Maryland* showed a broadening of State taxing power, even as regards sales tax cases.

All the contentions of the Commissioner are answered adversely to him by the decision of the U. S. Supreme Court in *Miller* v. *Maryland,* 347 U. S. 340, 98 L. Ed. 744, 74 S. Ct. 535 (opinion of April 5, 1954), wherein *McLeod* v. *Dilworth* is cited, and *General Trading Co.* v. *State Tax Comm.* is explained. So we see no merit in any of the aforementioned contentions of the Commissioner.

Finally, and in this one case only, the Commissioner calls attention to the following stipulated facts:

"That plaintiff holds in escrow the sum of $1,316.32, representing two per cent (2%) of the amount of said sales which is the subject of this litigation. Said purchasers made such deposits under protest, and under the express agreement between the parties that the amount so paid by each and every one of them would be held in trust by plaintiff; that plaintiff would contest the legality and validity of the Arkansas Gross Receipts Act and that the amount of such alleged tax so deposited would be returned to each and every one of them in the event it should be later determined that (1) plaintiff was not legally obligated to collect said tax, or (2) that it be held that the tax is not applicable to such sales and therefore illegal and invalid."

The Commissioner insists that the case of *Cook, Comm.* v. *Sears-Roebuck,* 212 Ark. 308, 206 S. W. 2d 20, is authority to prevent Rhodes-Jennings from recovering the money paid under protest in the case at bar. But we find no merit in this contention of the Commissioner. It is stipulated that Rhodes-Jennings holds the money subject to return to its customers. When Rhodes-Jennings prevails in this case, then the customers get the return of their money. No such facts were shown in the Sears-Roebuck case, and the absence of such facts led to the application of the doctrine of unjust enrichment in the Sears-Roebuck case. That doctrine has no application here.

We affirm the Chancery decree in favor of Rhodes-Jennings Furniture Company in the case at bar.